UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ALEXANDER GILLIS,

        Plaintiff,                                    Civil Action No. 14-CV-11354

vs.                                                   HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 22), (2) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 21), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19)**

## I. INTRODUCTION

In this social security case, Plaintiff Keith Alexander Gillis appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Michael J. Hluchaniuk for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 17, 19), and Magistrate Judge Hluchaniuk issued an R&R, recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment (Dkt. 21). Plaintiff filed objections to the R&R (Dkt. 22), and Defendant filed a response (Dkt. 23). For the reasons that follow, the Court overrules Plaintiff's objections, accepts the Magistrate Judge's recommendation, denies Plaintiff's motion for summary judgment, and grants Defendant's motion for summary judgment.

## II. LEGAL STANDARD

The Court reviews <u>de novo</u> those portions of the R&R to which a specific objection has

been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by [the Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

### III. ANALYSIS

Plaintiff raises two objections to the Magistrate Judge's R&R: (i) the Magistrate Judge erred in suggesting that Plaintiff was required to support allegations of specific functional restrictions with a medical source opinion identifying those restrictions; and (ii) the ALJ's determination that Plaintiff's mental impairment was non-severe lacked substantial evidence. The Court addresses each in turn, and concludes that both of Plaintiff's objections are without merit.

**A. Objection One**

Plaintiff's first objection is not entirely clear. However, the Court understands Plaintiff to take issue with the Magistrate Judge's conclusion that the ALJ was not required to impose additional limitations beyond those set out in the ALJ's residual functional capacity ("RFC")

finding, because Plaintiff failed to offer evidence demonstrating that he suffered from such additional limitations. Pl. Obj. at 2-3. Specifically, Plaintiff suggests that the Magistrate Judge appeared to require Plaintiff to substantiate the alleged functional limitations with regard to his shoulder (i.e., his inability to "reach overhead and extend his arms outward . . . on a regular and continuing basis") with a medical source opinion identifying the same. Id. But, according to Plaintiff, the ALJ must consider a plethora of evidence going beyond medical source opinions when assessing a claimant's RFC — evidence Plaintiff contends he submitted — and the Magistrate Judge's analysis erroneously permitted the ALJ to ignore such evidence in the absence of a medical source opinion imposing specific limitations. Id. at 3-4. In fact, the Magistrate Judge employed a thorough and proper analysis.

As the Magistrate Judge correctly observed, the mere diagnosis of a condition or impairment "says nothing about the severity of the condition [or impairment]." Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). It is axiomatic that Plaintiff, in demonstrating that he is disabled, bears the burden of proving the existence and severity of his alleged functional limitations. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003). In assessing an RFC that accounts for credible functional limitations, the ALJ will consider relevant medical and non-medical evidence, including, but not limited to, physician opinions. See 20 C.F.R. § 404.1545(a)(3).

Here, Plaintiff suggests that the ALJ did not properly account for Plaintiff's shoulder impairments. Pl. Obj. at 2; R&R at 24. However, as the Magistrate Judge noted, the ALJ restricted Plaintiff strictly to sedentary work. R&R at 24; Administrative Record ("A.R.") at 25 (Dkt. 12). As recited by the Magistrate Judge,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files,

3

>ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); R&R at 24-25.

The Magistrate Judge then made a number of observations in connection with Plaintiff's argument, including that (i) Plaintiff recited medical evidence supporting his shoulder limitations, but Plaintiff did not identify opinions indicating that his shoulder prevented him from doing sedentary work; (ii) the medical evidence indicates the existence of severe impairments, but does not support Plaintiff's testimony as to the extent of his limitations; (iii) Plaintiff failed to explain how the ALJ's restriction of Plaintiff to sedentary work does not accommodate his credible limitations, and instead just listed his diagnoses and test results; and (iv) Plaintiff failed to offer medical evidence or an opinion indicating he had greater functional limitations than those found by the ALJ. R&R at 25, 26-27. Accordingly, the Magistrate Judge did not categorically conclude that Plaintiff was required to produce a medical source opinion regarding his shoulder limitations, but merely indicated it was one way in which Plaintiff had failed to prove the extent of his limitations.

In any event, the ALJ's decision confirms that the ALJ considered much more than just opinion evidence, or lack thereof, in developing Plaintiff's RFC. For example, the ALJ explained that Plaintiff reported driving, doing light chores and laundry, cooking, shopping, and playing his guitar. A.R. at 26. The ALJ found such activities to be inconsistent with Plaintiff's alleged symptoms and limitations and, therefore, discounted Plaintiff's credibility. Id.; see also Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2001) (ALJ entitled to discount subjective complaints in light of the claimant's other activities). Notably, Plaintiff has not challenged the ALJ's credibility determination. The ALJ also cited to medical reports and

opinions suggesting that Plaintiff's shoulder maladies were inconsistent, or improving in form and function. A.R. at 26-28. Accordingly, the ALJ expressly found that Plaintiff's objective medical findings did not preclude Plaintiff from engaging in sedentary work. Id. at 26.

While Plaintiff summarily refers to findings of muscle atrophy in his shoulders and an EMG revealing radiculopathy, Pl. Obj. at 2, he fails to develop an argument or otherwise explain why the ALJ's RFC was either not supported by substantial evidence or did not properly accommodate his shoulder limitations. Rather, Plaintiff's principal focus appears to be the Magistrate Judge's emphasis on the lack of opinion evidence substantiating Plaintiff's shoulder limitations, which Plaintiff argues implies that the ALJ could ignore other non-opinion evidence. As discussed above, however, the ALJ did not simply ignore other relevant evidence in favor of the lack of opinion evidence. Accordingly, Plaintiff's objection on this point is overruled.

## B. Objection Two

Plaintiff's second objection argues that the ALJ erroneously found Plaintiff's mental impairment to be non-severe. Pl. Obj. at 5. Plaintiff asserts that the Magistrate Judge's conclusion that the ALJ's finding was supported by the opinions of the medical consultants is flawed for two reasons. Id. at 6. First, Plaintiff suggests that the ALJ's reliance on the opinion of Dr. Thomas Tsai (M.D.) is limited because Dr. Tsai expressly limited his opinion to periods prior to September 30, 2002, but Plaintiff applied for and alleged disability beyond that date; therefore, "[P]laintiff's mental condition after Dr. Tsai's limited determination must also be taken into account." Id. Plaintiff also suggests that the ALJ gave insufficient weight to the opinion of Dr. Nick Boneff (Ph.D.), who assigned Plaintiff a global assessment of functioning ("GAF") score of 60, which reflects moderate symptoms or difficulty in social, occupational, or

5

school functioning, indicating Plaintiff is suffering from "at least <u>some</u> problems." <u>Id.</u> (emphasis in original).

In response, Defendant contends it was reasonable for the ALJ to rely on Dr. Tsai's and Dr. Boneff's opinions that Plaintiff's mental impairment was non-severe, particularly in light of Dr. Boneff's statement that Plaintiff was not exhibiting any symptoms that would affect his ability to do work-related activities at a sustained pace. Def. Resp. at 2-3. Furthermore, Defendant asserts that a GAF score measures symptoms <u>or</u> limitations, whichever is worse, and that it is a global measure of functioning, whereas a step two determination is concerned only with limitations on one's ability to work. <u>Id.</u> at 3. According to Defendant, Dr. Boneff's report is internally consistent, because the GAF score spoke to Plaintiff's symptoms, while Dr. Boneff's statement spoke specifically to work-related restrictions or limitations. <u>Id.</u>

The ALJ found Plaintiff's depression to be a non-severe mental impairment on the basis that Plaintiff had no more than mild limitations in the first three functional areas set forth in the regulations for evaluating mental disorders, and no episodes of decompensation for an extended duration as described by the fourth functional area. A.R. at 23-24.[1] In his analysis, the ALJ referenced Plaintiff's daily activities and other social interactions, as well as treatment notes that addressed Plaintiff's mental status. <u>Id.</u> at 23. The ALJ also considered opinion evidence rendered by Dr. Tsai, who opined that Plaintiff's mental impairment was not severe, and by Julia Czarnecki (M.A.) and Dr. Boneff, who concluded that Plaintiff did not demonstrate any

---

[1] The regulations state:

> If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.

20 C.F.R. § 404.1520a(d)(1).

6

significant psychiatric symptoms that would affect his ability to do work-related activities at a sustained pace. Id. at 24. Plaintiff appears to rely solely on Dr. Boneff's GAF score of 60 in asserting that the ALJ mistakenly classified Plaintiff's mental impairment as non-severe.

The GAF scale measures "psychological, social, and occupational function on a hypothetical continuum of mental health" that ranges from 0 to 100. Maloney v. Comm'r of Soc. Sec., 480 F. App'x 804, 806 n.1 (6th Cir. 2012) (quoting Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 436 n.1 (6th Cir. 2012)). A score of 51-60 indicates moderate symptoms or a moderate difficulty in social, occupational, or school functioning. Id. However, this circuit has determined that an ALJ is not required to put any stock in a GAF score in the first instance, and that even according to the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), a GAF score "may have little or no bearing on the subject's social and occupational functioning." Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 511 (6th Cir. 2006). In addition, "the Commissioner 'has declined to endorse the [GAF] score for use in the Social Security and [Supplemental Security Income] disability programs, and has indicated that [GAF] scores have no direct correlation to the severity requirements of the mental disorders listings.'" DeBoard v. Comm'r of Soc. Sec., 211 F. App'x 411, 415 (6th Cir. 2006) (quoting Wind v. Barnhart, 133 F. App'x 684, 692 n.5 (11th Cir. 2005)). Thus, a GAF score of 60, especially in conjunction with the same clinician's statement that Plaintiff did not "evidenc[e] any significant psychiatric symptoms, depression, anxiety, impairment of memory or concentration that would affect his ability to do work related activities at a sustained pace," A.R. at 401, does not undermine the ALJ's conclusion that Plaintiff's mental impairment was non-severe.

Accordingly, Plaintiff's second objection is also overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court accepts the recommendation contained in the Magistrate Judge's Report and Recommendation (Dkt. 21), denies Plaintiff's motion for summary judgment (Dkt. 17), and grants Defendant's motion for summary judgment (Dkt. 19).

Dated: September 23, 2015          s/Mark A. Goldsmith
Detroit, Michigan                  MARK A. GOLDSMITH
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2015.

                                   s/Carrie Haddon
                                   Case Manager